IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| PRECISION SPINE, INC., and<br>SPINAL USA, INC., f/k/a Spinal USA, LLC | PLAINTIFFS |
| v. | CAUSE NO. 3:15CV681-LG-RHW |
| ZAVATION, LLC,<br>J2 MANUFACTURING LLC, and<br>JEFFREY JOHNSON | DEFENDANTS |

## ORDER GRANTING MOTION TO STRIKE

BEFORE THE COURT is the [208] Plaintiffs' Motion to Strike, in which Plaintiffs Precision Spine, Inc. and Spinal USA, Inc. (together, "Spinal"), ask that the thirteen summary judgment motions filed by the defendants be striken because the filings are not in compliance with Local Rule 7(b)(5) . In all, the motions total 173 pages and the accompanying briefs total 198 pages. The defendants contend that thirteen separate motions were necessary because of the complexity of the case. After due consideration of the parties' arguments and review of the record, the Court finds that the motion to strike should be granted.

BACKGROUND

Plaintiff Spinal alleges a scheme by its former corporate officer, Jeffrey Johnson, to steal confidential and proprietary information, trade secrets, and employees in order to unlawfully compete with Spinal. There are twenty counts in the amended complaint, which names Jeffrey Johnson and two companies he formed, Zavation, LLC, and J2 Manufacturing LLC, as defendants. Spinal filed the amended complaint after the Court granted in part and denied in part the

defendants' motion to dismiss the original complaint. (*See* Order, ECF No. 40). Having reviewed the allegations in some detail, the Court is familiar with the interrelated nature of the parties and the actions on which the amended complaint's twenty counts are based.

## DISCUSSION

Pursuant to Local Rule 7(b)(5), a "[m]ovant's original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages." The defendants in this case, all represented by the same counsel, have filed seven motions for partial summary judgment. [ECF Nos. 177, 179, 181, 183, 185, 187, 189, 191, 193, 195, 197, 199, 203]. Taken together, the memorandum briefs filed in support of the motions for summary judgment vastly exceed thirty-five pages. The defendants did not seek leave of this Court to exceed the page limit set by Local Rule 7(b)(5), and although the defendants argue that it was necessary to split the multiple issues and parties into thirteen motions, it is the Court's view it will unnecessarily complicate the summary judgment analysis to start from the beginning of the case as to each defendant and each claim. All of the claims ultimately originate from Jeffrey Johnson's alleged actions, and the actions of the defendants relate to one another.

The Court therefore finds that the filings are a clear attempt to circumvent the page limitations set forth in the local rules. *See Harvey v. Caesars Entm't Operating Co., Inc.*, No. 2:11CV194-NBB-SAA, 2014 WL 12656553, at *3 (N.D. Miss. Aug. 22, 2014). Page limits are "circumvented when a party distributes its

separate but related contentions and legal challenges over several dispositive motions, each of which is accompanied by a brief that approaches the . . . page limit." *Thomas v. Firerock Prod., LLC*, No. 3:13CV109-DMB-JMV, 2014 WL 12541627, at *1 (N.D. Miss. Oct. 14, 2014) (quoting *Welker Bearing Co. v. PHD, Inc.*, No. 06-13345, 2007 WL 1647878, at *1 (E.D. Mich. June 4, 2007) and citing *Rainbow Nails Enters., Inc. v. Maybelline, Inc.*, 93 F. Supp. 2d 808, 810 n.1 (E.D. Mich. 2000) (noting that filing of separate motions addressing only certain counts of the complaint was effort "to create the illusion of compliance with the Local Rules")).

"Where a party seeks to circumvent a page-limit by filing multiple dispositive motions, the proper course is to strike the motions and direct the filing of 'a single consolidated motion and brief in support, combining all . . . arguments in a single filing.'" *Thomas*, 2014 WL 12541627, at *1 (quoting *Welker Bearing Co.*, 2007 WL 1647878, at *1). "This practice is justified by the fact that 'a single filing, even if somewhat over the . . . page limit, is vastly preferable to a profligacy of motions – which . . . invariably triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits.'" *Id.* Enforcement of the local rules by striking non-complying filings is a matter within the Court's discretion. *See United States v. Rios-Espinoza*, 591 F.3d 758, 760 (5th Cir. 2009).

The Court will therefore strike all pending motions for summary judgment filed by the defendants [177, 179, 181, 183, 185, 187, 189, 191, 193, 195, 197, 199,

-3-

203].  The defendants shall have twenty-one days from the entry of this order to file one joint motion for summary judgment.  The response and reply shall be filed within the time allowed by the Local Rules.  If any party believes it is unable to adequately brief the issues within the page limitations of Local Rule 7(b)(5), the party shall seek leave of Court prior to filing memorandum briefs exceeding the limitations.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [208] Plaintiffs' Motion to Strike is **GRANTED**.  The Motions for Summary Judgment filed by the defendants [177, 179, 181, 183, 185, 187, 189, 191, 193, 195, 197, 199, 203] are hereby **STRICKEN**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the defendants shall have twenty-one days from the entry of this order to file one joint motion for summary judgment.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE